### FARMERS' BANK *vs.* HENRY COLE.

### EUNITY GRAY *vs.* HENRY COLE.

Communications between husband and wife are privileged, even after the husband's death.

Money due for use and occupation is not to be preferred, as rent, to execution process, in the application of sales.

THE defendant's goods were sold on execution process, and the proceeds brought into court.

The amount was claimed by Mrs. Gray, as landlord, and by the Bank, as execution creditor.

*Mr. Fisher* proposed to prove by Susan Cole, the *widow* of Henry Cole, that the deceased up to his death, resided in the house of Mrs. Gray, under an agreement to pay rent, as she was informed by her husband.

This was objected to by *Mr. Saulsbury*, for the Bank. He said it was a privileged communication, which, from policy, the wife is not allowed to divulge, even after her husband's death. (1 *Greenl. Ev.*, § 34, 8.)

*Mr. Fisher* insisted, that it was not a privileged communication, because—1. The estate of Henry Cole was not interested in the question, as it was a controversy between creditors. and the estate

had no interest which party received it; and, 2. If Henry Cole was interested, he might be called to testify against his interest, if the party chose to risk his testimony, and his declarations to the wife rested on the same footing. (1 *Phill. Ev.*, 70; 1 *Hill's Rep.*, 63.)

*By the Court.*—Communications between husband and wife are regarded as confidential and privileged, whenever brought in to charge the husband, either during his life, or his estate after his death. Though the husband, if alive, might charge himself by his own admissions in evidence by himself, or proved by another, policy protects him from such proof by the wife. If the witness has any knowledge of the relation of landlord and tenant, derived from any other source than the husband, she may prove it; but she will not be allowed to disclose the communications of her husband to her.

Proof was then offered of the occupation, and *rental value* of the house; to which,

*Mr. Saulsbury* objected, on the ground that the claim of the landlord for rent out of proceeds of sale by execution, can be allowed only of such rent as could be destrained for, namely, money rent, or rent by shares reduced to a certainty. Compensation for use and occupation cannot be so deducted.

*The Court* were of this opinion; and awarded the money to the execution creditor.

*Saulsbury*, for the execution creditor.

*Fisher*, for the landlord.